**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DONALD S. ABBEY, II,**<br><br>Plaintiff,<br><br><br>v.<br><br>**R.J. REYNOLDS TOBACCO COMPANY,**<br><br>Serve at:<br>CORPORATION SERVICE COMPANY.<br>2626 GLENWOOD AVE, STE 550<br>RALEIGH, NC 27608<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | DIST. COURT NO.:<br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Donald S. Abbey, II, and for his Petition states as follows:

## INTRODUCTION

1. This is a civil action for wrongful death pursuant to Mo. Rev. Stat. §§ 537.080 and 537.090.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1332. Plaintiff is a citizen of Missouri. Defendant R.J. Reynolds Tobacco Company ("RJR") is a North Carolina corporation with its principal place of business in North Carolina. The amount in controversy exceeds $75,000, exclusive of interest and costs.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff Donald S. Abbey, II is the adult son and sole heir of Cynthia Penn

Trauernicht ("Decedent"), deceased, pursuant to a certified determination of heirship entered by the Circuit Court of St. Charles County, Missouri.

5. Defendant R.J. Reynolds Tobacco Company ("RJR") is a North Carolina corporation with its principal place of business in North Carolina. RJR designed, manufactured, marketed, distributed, and sold cigarettes in Missouri during all relevant times. RJR is the successor by merger to Lorillard Tobacco Company and is legally responsible for liabilities arising from cigarettes manufactured and sold by Lorillard, including Kent, Old Gold, and Newport brand cigarettes.

## FACTS

6. Decedent was born in 1953 and died on February 22, 2023, at age 69.

7. Decedent began smoking cigarettes as a teenager and continued smoking on a daily basis for more than fifty years.

8. During her teenage years, Decedent regularly smoked Kent cigarettes, which were manufactured by Lorillard Tobacco Company. As a teenager, Decedent would obtain and smoke Kent cigarettes belonging to Decedent's mother. This early exposure to nicotine occurred prior to July 1, 1969.

9. During her lifetime, she regularly smoked Kent, Old Gold, Winston, and Newport cigarettes manufactured and sold by Defendant and its predecessor Lorillard Tobacco Company.

10. As a result of prolonged exposure to nicotine, Decedent became addicted to nicotine and was unable to stop smoking despite multiple efforts to quit.

11. In late 2022, Decedent was diagnosed with a large right upper lobe lung mass measuring approximately 9–10 centimeters.

12. In December 2022, Decedent underwent a right frontal craniotomy for removal of

a metastatic brain tumor.

13. Pathology confirmed metastatic carcinoma consistent with lung origin.

14. Subsequent imaging confirmed Stage IV metastatic lung cancer with metastases to brain, lymph nodes, and bone.

15. Decedent experienced progressive neurological and systemic decline as a result of metastatic lung cancer.

16. Decedent died on February 22, 2023, as a direct and proximate result of metastatic lung cancer.

17. Long-term cigarette smoking, including cigarettes manufactured and sold by Defendant and its predecessor Lorillard Tobacco Company, was a direct and substantial contributing factor in causing Decedent's lung cancer and death.

18. At all relevant times, RJR and its predecessor Lorillard knew that cigarette smoking causes lung cancer and that nicotine is addictive, particularly when smoking begins during adolescence.

19. RJR and Lorillard designed and sold cigarettes containing nicotine in quantities sufficient to create and sustain addiction.

20. Prior to July 1, 1969, RJR and Lorillard failed to adequately warn consumers, including Decedent, of the full extent of the risks of lung cancer and nicotine addiction.

**COUNT I: WRONGFUL DEATH**

21. Plaintiff incorporates by reference the preceding paragraphs.

22. Defendant's cigarettes, including those manufactured by Lorillard Tobacco Company for which Defendant is legally responsible as successor by merger, were unreasonably dangerous and defective in design when put to reasonably anticipated use.

23. Prior to July 1, 1969, RJR and its predecessor Lorillard failed to provide adequate warnings regarding the risks of lung cancer and nicotine addiction.

24. Had adequate warnings been provided, Decedent would not have begun smoking or would have ceased smoking earlier.

25. RJR and its predecessor Lorillard owed a duty to exercise reasonable care in the design, manufacture, and sale of its cigarettes.

26. RJR and its predecessor Lorillard breached that duty by designing and selling cigarettes that were unreasonably dangerous and addictive.

27. For decades, RJR and its predecessor Lorillard publicly denied or minimized the health risks and addictive nature of cigarettes while possessing information demonstrating those risks.

28. For decades, RJR and its predecessor Lorillard publicly represented that cigarette smoking had not been proven to cause lung cancer and denied that nicotine was addictive.

29. Decedent reasonably relied on RJR and its predecessor Lorillard's public representations and omissions regarding the safety of cigarettes.

30. Defendant's design, manufacture, marketing, sale, and failure to warn regarding its cigarettes constituted wrongful acts, neglect, and default under Missouri law.

31. As a direct and proximate result of Defendant's wrongful conduct, Decedent developed metastatic lung cancer and died.

32. Had Decedent survived, she would have been entitled to maintain an action for personal injury against Defendant for damages resulting from her lung cancer.

33. Plaintiff, as Decedent's sole heir pursuant to certified determination of heirship, is authorized to bring this wrongful death action under Mo. Rev. Stat. § 537.080.

34. As a direct result of Decedent's death, Plaintiff has suffered damages recoverable under Mo. Rev. Stat. § 537.090, including loss of companionship, guidance, consortium, services, and financial support.

35. Defendant's conduct, as alleged herein, demonstrated willful, wanton, and reckless disregard for the safety of consumers, thereby justifying an award of punitive damages.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant for compensatory damages in a fair and reasonable amount, punitive damages, costs of this action, and such other and further relief as the Court deems just and proper.

Respectfully submitted by,

PONTELLO, BRESSLER,
NORWOOD & ASSOCIATES, LLC

By: /s/ Isaac J. Bressler
Isaac J. Bressler, #66379mo
1521 Boones Lick Rd
St. Charles, MO 63301
(636) 896-4170

*Attorney for Plaintiff*